IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYTHIA OYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:21-cv-326 |
| JEFFRY D. ARONSON d/b/a | ) | |
| DOWNTOWN WETMORE | ) | |
| SHOPPING CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, CYNTHIA OYLER, by and through the undersigned counsel, and files this, her Complaint against Defendant JEFFRY D. ARONSON d/b/a DOWNTOWN WETMMORE SHOPPING CENTER, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows the Court as follows:

## JURISDICTION

1.     The Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq*., based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff CYNTHIA OYLER (hereinafter "Plaintiff") is, and has been at all

times relevant to the instant matter, a natural person residing in San Antonio, Texas (Bexar County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon the Court so an injunction can be issued correcting the numerous ADA violations on the Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.      Defendant JEFFRY D. ARONSON d/b/a DOWNTOWN WETMORE SHOPPING CENTER (hereinafter "DOWNTOWN WETMORE") is a private individual operating a commercial property (or retail "strip mall") for profit that transacts business in the state of Texas and within the judicial district.

8.      DOWNTOWN WETMORE may be properly served with process at his residence and/or principal place of business located at: Jeffry D. Aronson, 13451

Wetmore Road, San Antonio, Texas 78247.

**FACTUAL ALLEGATIONS**

9.      On or about November 23, 2020, Plaintiff was a customer at "DelliGatti's Sandwich Shop" a business located at 13465 Wetmore Road, San Antonio, Texas 78247, referenced herein as the "DelliGatti's."

10.      DOWNTOWN WETMORE is the owner or co-owner of the real property and improvements that the DelliGatti's is situated upon and that is the subject of the action, referenced herein as the "Property."

11.      Plaintiff lives approximately 8 miles from the DelliGatti's and Property.

12.      Plaintiff's access to the business(es) located at 13465 Wetmore Road, San Antonio, Bexar County Property Identification number 586742 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the DelliGatti's and Property, including those set forth in her Complaint.

13.      Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in her Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for her

lawsuit for Advocacy Purposes.

14.     Plaintiff intends to revisit the DelliGatti's and Property to purchase goods and/or services.

15.     Plaintiff travelled to the DelliGatti's and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the DelliGatti's and Property that are detailed in her Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the DelliGatti's and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and thernumber is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the

4

discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.     The DelliGatti's is a public accommodation and service establishment.

22.     The Property is a public accommodation and service establishment.

23.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25.     The DelliGatti's must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the DelliGatti's and the Property in her capacity as a customer of the DelliGatti's and Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the DelliGatti's and Property that preclude and/or limit her access to the DelliGatti's and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in her Complaint.

28.     Plaintiff intends to visit the DelliGatti's and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges,

advantages and/or accommodations commonly offered at the DelliGatti's and Property and as an independent advocate for the disabled, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the DelliGatti's and Property that preclude and/or limit her access to the DelliGatti's and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in her Complaint.

29.    Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the DelliGatti's and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.    Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the DelliGatti's and Property, including those specifically set forth herein, and make the DelliGatti's and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the DelliGatti's and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the DelliGatti's and Property include, but are not limited to:

(a)    **ACCESSIBLE ELEMENTS:**

(i)  At the corner near Unit 13471, there are two accessible parking spaces that do not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter his vehicle while parked at the accessible parking spaces.

(ii) At the corner near Unit 13471, there is a vertical rise in excess of ½ inch at the base of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(iii)    The accessible entrances of the tenant spaces on the Property have improper door hardware which requires tight grasping and/or twisting of the wrist in violation of section 309.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(iv)    Near the dentist office, there is one accessible parking space that does not have a properly marked access aisle in violation of section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter his vehicle while parked at the accessible parking spaces.

(v) Near the dentist office, accessible parking space is not located on the shortest distance to the access route leading to the accessible entrances of the Property

in violation of section 208.3.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(vi)     Near the dentist office, there is a vertical rise in excess of ½ inch at the base of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(vii)    Near the dentist office, the required handrails on both sides of the accessible ramp are not present in violation of section 505.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property utilizing this ramp.

(viii)   Near the dentist office, the handrail lacks continuity within the full length of the ramp run in violation of section 505.3 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property utilizing this ramp.

(ix)     Inside DelliGatti's, the vertical reach to the soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of section 308.3.1 of the ADAAG standards. This violation would make it difficult for Plaintiff to property utilize the self serve soda fountain due to his disability.

(x) Inside DelliGatti's, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing items in the accessible route, in violation of section 403.5.1 of the 2010 ADAAG standards.

This violation would make it difficult for Plaintiff to properly utilize public features at the Property.

(xi)     Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

## DELLIGATTI'S RESTROOMS

(i)      The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)     The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)    The toilet paper dispenser in the accessible toilet is not positioned properly and violates section 604.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)     The height of the toilet seat is below the minimum height of 17 (seventeen) inches in violation of 604.4 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)      The hand operated flush control is not located on the open side of the accessible toilet in violation of section 604.6 of the 2010 ADAAG standards.

This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)     The grab bars/handrails adjacent to the commode are missing and violate section 604.5 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)     The controls on the faucets require pinching and turning of the wrists in violation of section 309.4 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(viii)     The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xii)   The bottom edge of the reflective surface of the mirror in the bathrooms have a maximum height exceeding 40 inches from the finished floor which exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restrooms.

32.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the DelliGatti's

11

and Property.

33.    Plaintiff requires an inspection of DelliGatti's and Property in order to determine all of the discriminatory conditions present at the DelliGatti's and Property in violation of the ADA.

34.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.    All of the violations alleged herein are readily achievable to modify to bring the DelliGatti's and Property into compliance with the ADA.

36.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the DelliGatti's DelliGatti's and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the DelliGatti's and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38.    Upon information and good faith belief, the DelliGatti's and Property have been altered since 2010.

39.    In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.    Plaintiff is without adequate remedy at law, is suffering irreparable harm,

and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the DelliGatti's and Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), the Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the DelliGatti's and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find DelliGatti's in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Del Gatti's to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light

of the circumstances.

Dated: April 1, 2021.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com